

FILED

8:29 am, 3/19/24

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

TERRI LESLEY,

    Plaintiff,

VS.

HUGH BENNETT, SUSAN BENNETT, AND KEVIN BENNETT,

    Defendant.

Case No. 23-CV-00177-ABJ

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND

THIS MATTER comes before the Court on *Plaintiff's Motion for Leave to File Amended Complaint*, filed on February 14, 2024 and *Plaintiff's Renewed Motion for Leave to File Amended Complaint* (collectively "*Motion to Amend*"), filed on February 20, 2024. ECF No. 30; ECF No. 37. Plaintiffs file the instant *Motion to Amend* (ECF No. 30) in conjunction with their response to Defendant's *Motion to Dismiss* (ECF No. 35). Defendants responded in opposition to Plaintiff's *Motion to Amend* on March 5, 2024. ECF No. 41.

Having reviewed the written submissions, the applicable law, and being otherwise fully advised, the Court finds justice is best served by granting Plaintiff leave to file a Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2). Therefore, *Plaintiff's Renewed Motion for Leave to File Amended Complaint* (ECF No. 37) is **GRANTED** for the reasons outlined herein.

## STANDARD OF LAW

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The purpose of Rule 15 "is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)). "'[T]he grant of leave to amend pleadings pursuant to Rule 15(a) is within the discretion of the trial court.'" *Id.* (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). However, Rule 15 has a liberal standard and provides that a "court should freely give leave when justice so requires." *Id.*

Thus, "[i]f the underlying facts or circumstances may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Foman v. Davis*, 371 U.S. 178, 182–83 (1962). A non-exhaustive list of reasons to deny the motion includes undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party, or futility of the amendment. *Id.*; *Minter*, 451 F.3d at 1204.

## DISCUSSION

In response to purported deficiencies alleged in Defendant's *Motion to Dismiss*, Plaintiff requests leave to amend her complaint in an effort to further clarify her legal claims and narrow the issues for judicial review. ECF No. 30 at 3. Defendants argue leave to amend would be futile, and Plaintiff's advancement of new legal theories is

improper at this stage in the proceedings. ECF No. 41. Under the liberal standard for granting leave to amend pleadings, the Court concludes justice is best served by allowing amendment to Plaintiff's complaint. Plaintiff's motion to amend is timely, as this case is in its relative infancy and currently at a stage in the proceedings where amendment to pleadings may aid in the resolution of the matter. Further, the Court sees minimal prejudice to Defendants in allowing Plaintiff to refine her legal claims. *Minter*, 451 F.3d at 1207 (concluding the most important factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party).

The Court has not yet ruled on the pending *Motion to Dismiss*, and allowing amendment may cure some disputes raised in Defendant's *Motion. See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) ("Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."). The Tenth Circuit has elaborated, "the preferred practice is to accord a [party] notice and an opportunity to amend his [pleading] before acting upon a motion to dismiss for failure to state a claim[.]" *McKinney v. Okla.*, 925 F.2d 363, 365 (10th Cir.1991). Additionally, Petitioner's amendment would present the Court with the opportunity to fully adjudicate all claims. *Minter*, 451 F.3d at 1204. As such, opposition on the basis of futility should not deprive Plaintiff from the safeguards found by the ripening of a merits-based resolution of her claims. The Court finds no undue delay, bad faith, failure to cure deficiencies, or undue prejudice. Any futility concerns with this amendment may be addressed through a subsequent challenge from

the Defendants. Accordingly, in its discretion, the Court grant's *Plaintiff's Motion to Amend*.

An "amended complaint supersedes the original complaint and renders the original complaint no legal effect." *Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005). "Because the original complaint has been superseded and nullified, there is no longer a live dispute about the propriety or merit of the claims asserted therein; therefore, any motion to dismiss such claims is moot." *Brumfiel v. U.S. Bank*, 2013 WL 12246738, at *1 (D. Colo. May 16, 2013) (internal citations omitted). Therefore, the pending *Motion to Dismiss* (ECF No. 24) is denied as moot without prejudice. Defendants may file any new responsive pleading within 14 days of the filing of Plaintiff's Second Amended Complaint.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** *Plaintiff's Renewed Motion for Leave to File Amended Complaint* (ECF No. 37) is **GRANTED** for the reasons outlined herein. Plaintiffs shall file their Second Amended Complaint within three business days of the entry of this Order. Further, Defendant's *Motion to Dismiss* (ECF No. 24) is **DENIED** as **MOOT**.

Dated this 18th day of March, 2024.

Alan B. Johnson
United States District Judge

4