Jeremy D. Bailie (*Pro Hac Vice)*
Florida Bar No. 118558
**WEBER, CRABB & WEIN, P.A.**
Telephone: (727) 828-9919
Facsimile: (727) 828-9924
Jeremy.Bailie@webercrabb.com
5453 Central Avenue
St. Petersburg, FL 33710

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TERRI LESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-00177-ABJ |
| | ) | |
| HUGH BENNETT, SUSAN BENNETT, | ) | |
| AND KEVIN BENNETT, | ) | |
| | ) | |
| Defendants, | ) | |

**DEFENDANTS' UNOPPOSED MOTION TO STAY FURTHER TRIAL PROCEEDINGS PENDING RESOLUTION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Hugh Bennett, Susan Bennett, and Kevin Bennett, by and through undersigned counsel, hereby file this Motion to Stay Further Trial Proceedings Pending Resolution of Defendants' Motion for Summary Judgment. As grounds in support of their motion, Defendants state:

## I.    FACTUAL BACKGROUND.

Plaintiff, Terri Lesley, filed her original Complaint in 2023, and her Second Amended Complaint (the operative pleading) on March 21, 2024, alleging violations of 42 U.S.C. § 1985(1) and (3), civil conspiracy, defamation, intentional infliction of

emotional distress, abuse of process, and injurious falsehoods against Defendants. (ECF No. 43). Plaintiff's claims stem for her role as the former Director of the Campbell County Public Library System (CCPLS), where she alleges Defendants conspired with Campbell County officials to deprive her of her constitutional rights, conspired with Campbell County officials to cause her termination, and intentionally inflicted emotional distress on her. (ECF No. 43).

Defendants moved to dismiss her claims under Fed. R. Civ. P. 12(b)(6) on April 4, 2024 (ECF No. 44). Due to the novelty of the legal issues, the lack of controlling case law, and the complicated nature of the issues raised, the Motion to Dismiss was not resolved until April 11, 2025. (ECF No. 55). This Court dismissed Plaintiff's: (1) §1985(1) claim; (2) abuse of process claim; and (3) injurious falsehood claim, but allowed the case to proceed on her: (1) §1985(3) claim; (2) civil conspiracy claim; and (3) intentional infliction of emotional distress claim.

This Court entered a Pretrial Order on May 13, 2025 (ECF No. 64), setting dispositive motions deadline of November 21, 2025. Defendants timely filed their Motion for Summary Judgment, raising detailed arguments on these novel issues of first impression, including application of § 1985(3) to private actors, class-based animus against LGBTQ+ advocates, the necessary actions to show "state action," and First Amendment protections for speech and petitioning. Defendants also raised issues of first impression regarding Qualified Immunity, a Good Faith Defense, and First Amendment Immunity for Defendants' actions that Plaintiff alleges give rise to

liability. Plaintiff responded to the Motion on December 15, 2025, and Defendants replied December 31, 2025. The Motion is fully briefed and ripe for review.

On January 10, 2026, Defendants filed a Motion to Stay Pending Resolution of the Motion for Summary Judgment (D.E. 83). This Court granted the Motion and stayed all remaining pretrial matters pending resolution of the Defendants' Motion for Summary Judgment. (D.E. 87). This Court then set a Status Conference and issued a Scheduling Order on January 26, 2026, establishing new pretrial deadlines. (D.E. 89).

Based on this Court's Scheduling Order, numerous deadlines are approaching that will require the parties to do significant trial preparation without knowing which claims may survive summary judgment (if any), and whether the parties will actually need to prepare for a trial in this matter. Further, if this Court denies Defendants' Motion on their First Amendment defense or their Qualified Immunity defense, Defendants are entitled to interlocutory review of those decisions since those Defendants have argued they are entitled to an immunity from trial. As such, even if this Court denies the Motion, Defendants will seek to stay the trial proceedings in this matter pending that (potential) appeal. Defendants ask this Court to stay further trial proceedings pending resolution of Defendants' Motion for Summary Judgment.

In accordance with U.S.D.C.L.R. 7.1(b)(A), counsel for Defendants has conferred with counsel for Plaintiff, and Plaintiff does not oppose the relief requested by Defendants staying further proceedings before this Court pending resolution of Defendants' Motion for Summary Judgment. Plaintiff does oppose Defendants'

request to stay the matter further if the Court denies Defendants' Motion for Summary Judgment and Defendants take an interlocutory appeal of that decision.

## II.    RELIEF REQUESTED.

Defendants request this Court stay further trial proceedings and extend deadlines (e.g., Joint Final Pretrial Memorandum, motions in limine, final pretrial conference, jury instructions, and August 2026 trial) until Defendants' motion for summary judgment is resolved, including the potential appeal if the motion is denied.

## III.    LEGAL ARGUMENT.

### A.    Good Cause Exists Under Fed. R. Civ. P. 16(b)(4) to Modify the Scheduling Order.

The Pretrial Order states deadlines will not change absent compelling circumstances. Such circumstances exist. Rule 16(b)(4) requires good cause, focusing on diligence and lack of prejudice. Defendants complied with all deadlines and filed this motion promptly after discovery was completed. Both parties complied with all discovery obligations and completed discovery without any extensions or discovery disputes needing judicial intervention.

A dispositive Motion for Summary Judgment provides good cause for staying trial proceedings, as it may moot the trial. *See, generally, Dalton v. Town of Silver City ex rel. Silver City Police Dep't,* No. CV 17-1143 WJ/GJF, 2019 WL 1428363, at *3 (D.N.M. Mar. 29, 2019) (recognizing that staying a case that may involve an interlocutory appeal "[p]romotes [s]ound [c]ase [m]anagement."). Pretrial tasks, such as resolving disputes over motions in limine, jury instructions, evidentiary issues,

4

and the like, would burden the parties and this Court unnecessarily if summary judgment is granted.

The Motion raises complex arguments on first-impression issues mirroring the Motion to Dismiss, which took over one year to resolve due to its complexity and the lack of a body of controlling case law. Further, certain of the decisions relied on by the Court in its ruling on the Motion to Dismiss have been overruled requiring reevaluation and another thorough review. Attempting to accomplish that in the short time presently available before pretrial tasks will begin in earnest is unattainable.

Finally, there is no prejudice to either party, including the Plaintiff. The parties and this Court will save considerable resources since they will not need to engage in pretrial activities that may ultimately be moot given the Court's ruling on the Motion.

**B.    Defendants are Entitled to Interlocutory Appeal if Summary Judgment is Denied on the First Amendment Defense and the Qualified Immunity Defense and a Stay is Necessary to Preserve Appellate Rights.**

Defendants raised First Amendment and Qualified Immunity defenses as to all of Plaintiff's claims in their motion for summary judgment. Should this Court deny Defendants' Motion as to their First Amendment Defense or Qualified Immunity defense, Defendants would seek interlocutory review of that decision.

The Tenth Circuit has held that a denial of summary judgment on a First Amendment Defense to be free from trial is subject to the collateral order doctrine since it implicates a right to be free from trial. *See United States v. P.H.E., Inc.*, 965

F.2d 848, 854 (10th Cir. 1992) (permitting interlocutory review of the denial of a motion to dismiss on a First Amendment defense since the defendant raised a "First Amendment 'right not be to tried'" that would be unreviewable after final judgment). Likewise, the denial of summary judgment on Qualified Immunity is subject to the collateral order doctrine since it implicates a right to be free from trial. *Mitchell*, 472 U.S. at 530.

A "defendant's interlocutory appeal from the denial of summary judgment based on qualified immunity divest[s] the district court of jurisdiction to conduct a trial. *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990). In *Stewart,* the plaintiff brought a § 1983 action against a detective alleging violations of his Fourth and Fourteenth Amendment rights. *Id.* The district court denied the defendant's motion for summary judgment based on qualified immunity, and the defendant filed an interlocutory appeal from that denial. *Id.* The district court continued to conduct a trial, resulting in an adverse verdict against the defendant. *Id.*

The Tenth Circuit explained that the district court erred in refusing to stay the trial proceedings pending resolution of the interlocutory appeal of the summary judgment denial. *Id.* The Court explained that qualified immunity is a final order under the collateral order doctrine and gives the appellate court jurisdiction to review that decision prior to final judgment. *Id.* The reason is that the Supreme Court has explained the purpose of qualified immunity is not only a defense against liability but also an immunity from the trial itself. *Id.* at 574-75 (relying on *Mitchell v. Forsyth,* 472 U.S. 511, 530 (1985)).

The Tenth Circuit held the district court's proceedings after the filing of the notice of appeal were a nullity since the filing of the notice of appeal automatically divested the district court of jurisdiction to proceed with the trial. *Id.* at 575-76.

Both the First Amendment defense and the Qualified Immunity defense similarly implicate Defendants' claimed immunity from trial. To be sure, the claims in this case are of first impression and unique. There is a dearth of case law defining how a § 1985 claim can be brought against a private citizen for violation of constitutional rights without infringing on that private citizen's constitutional rights (including First Amendment rights). Indeed, the trial court proceedings (and the trial itself) would be a First Amendment violation since it would infringe on Defendants' First Amendment rights and it would chill their First Amendment expression since they, of course, would fear liability if they continued to engage in First Amendment protected speech.

If the Motion is denied, Defendants will seek an interlocutory appeal, which will automatically divest this Court from proceeding with the trial. Staying the proceedings now will prevent the parties from unnecessarily expending their resources and the Court's resources prior to a complete resolution of the Motion for Summary Judgment.

## IV. CONCLUSION.

Defendants request this Court stay further trial proceedings and extend the existing deadlines in the Pretrial Order pending resolution, including any potential appeal, of Defendants' Motion for Summary Judgment.

WHEREFORE Defendants, Hugh Bennett, Susan Bennett, and Kevin Bennett, respectfully request this Court stay further trial proceedings and extend the existing deadlines in the Pretrial Order pending resolution, including any potential appeal, of Defendants' Motion for Summary Judgment.

DATED: May 22, 2026.

Respectfully submitted,

/s/ Jeremy D. Bailie
Jeremy D. Bailie (*Pro Hac Vice*)
Florida Bar No. 118558
**WEBER, CRABB & WEIN, P.A.**
5453 Central Avenue
St. Petersburg, FL 33710
Telephone: (727) 828-9919
Facsimile: (727) 828-9924
Primary: Jeremy.Bailie@webercrabb.com
Secondary:  honey.rechtin@webercrabb.com
                    natalie.deacon@webercrabb.com

D. Stephen Melchior, Esquire
**Melchior Law Firm, PC**
Wyoming Bar No.: 5-2885
Phone: (307) 637-2323
Fax: (307) 637-2313
Email: steve@melchlaw.com
2010 Warren Avenue
Cheyenne, WY 82001
Local Counsel

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 22, 2026, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF portal, which will serve all counsel of record:

Qusair Mohamedbhai
Iris Halpern (Pro Hac Vice)
Azra Taslimi (Pro Hac Vice)
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street
Denver, CO 80205
qm@rmlawyers.com
ih@rmlawyers.com
at@rmlawyers.com
*Attorneys for Plaintiff*

/s/ Jeremy D. Bailie
Attorney

9